UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| MARY NANCY JOHNSON,<br><br>    Plaintiff,<br><br>v.<br><br>THELMA BARTLEY, et al.,<br><br>    Defendants. | Civil No. 15-56-ART<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In September of 2014, Mary Johnson and her husband, Millard Johnson, were driving a Hyundai Sonata when they collided with a car driven by Thelma Bartley. R. 1-2 at 8. Hyundai's airbags did not deploy. *Id.* Mary sustained major injuries, including brain bleeding and spinal cord damage. *Id.* at 8–9. Millard later died from his injuries. *Id.* at 8. Mary Johnson then filed suit in state court against Thelma Bartley, Hyundai Motor America, Inc. ("Hyundai"), Hyundai Motor Company, Ltd., and Kentucky Farm Bureau Mutual Insurance Company ("KFB"), Johnson's underinsured motorist coverage provider. *Id.* at 5. She claimed that Bartley's negligent driving and the Hyundai's defects caused her injuries and her husband's death. *Id.* at 8.

Hyundai removed to federal court, R. 1, alleging that the non-diverse defendants—Thelma Bartley and KFB, who are both Kentucky citizens like Johnson—were fraudulently joined and fraudulently misjoined. In the alternative, Hyundai asked the Court to retain jurisdiction by severing the claims against Bartley and KFB under Federal Rules of Civil Procedure 21 and 19. R. 1; R. 3. Johnson filed a motion to remand, R. 7, arguing that

Bartley and KFB are properly joined and that the Court should not sever Bartley and KFB from the suit. Johnson is correct: both Bartley and KFB are properly joined, and severing Bartley is inappropriate. This case is therefore remanded to state court.

### I. The Non-Diverse Defendants Are Not Fraudulently Joined.

Hyundai first argues that Johnson fraudulently joined Bartley and KFB. Defendants are fraudulently joined when state law provides no cause of action against them. *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). Thus, to show fraudulent joinder, the removing defendant must show that there is no "colorable basis" to predict that Johnson may recover against a non-diverse defendant. *Id.* The defendant's burden is very high, as "[a]ll doubts as to the propriety of removal are resolved in favor of remand." *Id.*

Here, Kentucky law provides a cause of action for Johnson's claim against Bartley, the alleged tortfeasor in a motor vehicle accident. A plaintiff may sue another driver for causing a car accident. *See* KRS 304.39-230(6) (acknowledging claim for personal injuries arising out of an automobile accident); *Gailor v. Alsabi*, 990 S.W.2d 597, 608 (Ky. 1999) (discussing "the reality of modern motor vehicle injury claims"). Indeed, a claim against the other driver in an automobile accident is a textbook example of a tort suit.

Kentucky law also provides a cause of action against Johnson's underinsured motorist insurance provider, Kentucky Farm Bureau. Johnson alleges that her policy with KFB provides compensation for damages that exceed Bartley's liability limits. R. 1-2 at 10. Therefore, KFB has a "contractual obligation" to Johnson because she has a policy with KFB. *See Coots v. Allstate Ins. Co.*, 853 S.W.2d 895, 898 (Ky. 1993). Judgment or settlement with Bartley is not a prerequisite to maintain an action against KFB, so Johnson can sue KFB and Bartley. *See id.* at 899; *see also State Farm Mut. Auto. Ins. Co. v. Slusher*,

325 S.W.3d 318, 324 n.11 (Ky. 2010). Hyundai makes no argument nor cites any case law to the contrary. Therefore, Hyundai does not meet the high bar to prove Bartley and KFB are fraudulently joined.

## II. Nor Does Fraudulent Misjoinder Mandate Severance of Bartley and KFB.

Hyundai next argues that Bartley and KFB are fraudulently misjoined. Some courts employ this controversial and "relatively new" doctrine when a plaintiff joins a "valid, but unrelated, claim against a non-diverse defendant" to defeat diversity. *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 599 (E.D. Ky. 2011). For example, if a Kentucky plaintiff sued an Ohio driver for causing a car crash and joined a Kentucky plastic surgeon for performing a botched facelift that occurred six months earlier, a federal court could sever the claim against the surgeon to obtain diversity jurisdiction. *Id*. Though the claim against the surgeon is "colorable, it is entirely unrelated to the claim against the Ohio driver." *Id.* As a first matter, fraudulent misjoinder is a questionable doctrine invented by the courts and remains "unsettled" in this Circuit. *Murriel-Don Coal Co. v. Aspen Ins. UK Ltd.*, 790 F. Supp. 2d 590, 600 (E.D. Ky. 2011). And the better practice is for courts to refrain from making up new law. *See id.* at 599–600 (explaining the many problems with a fraudulent misjoinder doctrine). Even if the Court were to apply the doctrine, however, Bartley and KFB are not fraudulently misjoined. It is unclear whether courts should analyze joinder under federal or state rules. *Id.* Under federal and Kentucky rules, however, there is no misjoinder "if the plaintiff's claims arise from the same" transaction or occurrence. *Id.* at 600 (citing Fed. R. Civ. P. 20(a)(2) and Ky. R. Civ. P. 20.01). Johnson's claims against Bartley, KFB, and Hyundai meet that requirement. The same occurrence—the car accident—gives rise to all of Johnson's claims: those against Bartley (the other driver), those against KFB (her insurer), and those against Hyundai (the manufacturer

3

of the allegedly defective airbag). Thus, even if the Court employed this questionable doctrine, Bartley and KFB are not fraudulently misjoined.

### III. The Court Declines to Sever the Non-Diverse Defendants in Its Discretion.

Finally, Hyundai argues that the Court should sever Bartley and KFB, and thereby preserve its jurisdiction. Federal Rule of Civil Procedure 21 permits courts, in their discretion, to "sever any claim against a party," Fed. R. Civ. P. 21, as long as that party is not required under Rule 19. *Safeco Ins. Co. of Am. v. City of White House, Tenn.*, 36 F.3d 540, 546 (6th Cir. 1994) (laying out requirements for necessary parties under Rule 19(a)); *Soberay Mach. & Equip. Co. v. MRF Ltd., Inc.*, 181 F.3d 759, 764 (6th Cir. 1999) (outlining requirements for dispensable parties under Rule 19(b)). Even when a party could be severed under Rule 21, however, the "authority to dismiss a dispensable nondiverse party . . . should be exercised sparingly." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 837 (1989) (discussing whether courts of appeals may dismiss dispensable nondiverse parties). The Court should "carefully consider whether the dismissal of a nondiverse party will prejudice any of the parties in the litigation" before severing them.[1] *Id.* at 838.

#### A. *Disposition in Bartley's Absence Would Prejudice the Parties in the Litigation.*

Severance of Johnson's claims against Bartley would prejudice the parties. First, the potential for inconsistent verdicts is a reason to have a single trial. *See* Rule 19(a)(1)(ii) (A party is needed for just adjudication if disposition in their absence creates a "substantial risk of [another party] incurring . . . inconsistent obligations."). Though joint tortfeasors—like Bartley

---

[1] Though some circuits have allowed district courts to sever non-diverse defendants under Rule 21 in removal cases, the Sixth Circuit has not yet spoken. R. 11 at 13–14 (defendants' acknowledgment of such); *see Sweeney v. Westvaco Co.*, 926 F.2d 29, 42 (1st Cir. 1991) (discussing the interaction between Rule 21 and the removal statute, 28 U.S.C. § 1447(c)); *Highland Capital Mgmt. LP. v. Schneider*, 198 F. App'x 41, 45 (2d Cir. 2006) (referencing *Sweeney*'s reasoning). Given the lack of applicable Sixth Circuit authority and the prejudice to the parties from disposition in Bartley's absence, the Court declines to sever the claims against Bartley. The Court need not decide whether Bartley is necessary or indispensable under Rule 21 and Rule 19.

and Hyundai—are not necessarily required parties under Rule 19(a), "courts may apply the criteria of Rule 19(a) to determine that a joint tortfeasor should be joined as a party." 22 A.L.R. Fed. 765. Here, different juries may hold Bartley and Hyundai to more or less liability than they deserve. For example, a trial with Bartley alone could find that Bartley was liable for 50 percent of Johnson's $1 million injuries. A trial with Hyundai alone might result in Hyundai's responsibility for 25 percent of Johnson's $1 million worth of injuries. Second, if both juries blame the absent defendant, Johnson might not obtain full recovery. Third, the same issues might be tried and re-tried. Bartley might be forced to try Hyundai's case in addition to her own to avoid paying for Hyundai's alleged negligence. It might be especially difficult for Bartley to obtain evidence of the alleged airbag defect from Hyundai since Hyundai would not be a party to the suit. Hyundai might have to try portions of Bartley's case to avoid paying for Bartley's alleged negligence. Fourth, Johnson would need to try the facts about the car accident twice, wasting judicial resources. For these reasons, severance seems inappropriate.

### B. This Court Is Not Bound by *Mayfield v. London Women's Care, PLLC*, Where Non-Diverse Defendants Were Severed After Removal.

In response, Hyundai contends that *Mayfield v. London Women's Care, PLLC*, suggests that Bartley and KFB should be severed. No. CIV.A. 15-19-DLB, 2015 WL 3440492, at *1 (E.D. Ky. May 28, 2015); *see also* R. 11 at 3. There, the Court severed the non-diverse defendants because the case had already been transferred to a then-pending multidistrict litigation ("MDL") in federal court. *Id.* at *2. As the court noted, transfer to the MDL had "undeniable upside" that made severance an attractive option. *Id.* at *5. Here, however, there is no MDL, which means *Mayfield* is distinguishable on its facts and does not suggest this Court should sever. Such distinctions are especially important because district court severance

5

decisions "[are] limited to the unique nature of the facts in the case." *Hagensicker v. Boston Scientific Corp.*, No. 12-5018-CV-SW-RED, 2012 WL 836804, at *5 (W.D. Mo. Mar. 12, 2012).

Hyundai also cites—in summary fashion—seven other cases where district courts severed to preserve diversity. R. 11 at 15. Five involve MDLs, and thus are distinguishable for the same reasons as *Mayfield*: *Joseph v. Baxter Int'l, Inc.*, 614 F. Supp. 2d 828, 871–75 (N.D. Oh. 2009); *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 502 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 677 (D. Nev. 2004); *Sullivan v. Calvert Mem. Hosp.*, 2015 U.S. Dist. LEXIS 100574, at *14 (D. Md. July 30, 2015); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 2007 U.S. Dist. LEXIS 64942, at *4 (D. Minn. Aug. 30, 2007). Another used fraudulent misjoinder to sever the claims. *Stone v. Zimmer, Inc.*, 2009 U.S. Dist. LEXIS 59125, at *4, 2009 WL 1809990 (S.D. Fla. June 25, 2009). As discussed above, Bartley and KFB are not fraudulently misjoined even if the Court applied the doctrine. And the last case severed claims against a drug manufacturer from claims against a doctor who did not prescribe the allegedly defective drug. *DeGidio v. Centocor, Inc.*, 2009 U.S. Dist. LEXIS 126887, at *8–10 (N.D. Ohio June 29, 2009) (finding "the maintenance of two lawsuits" was not "unduly prejudicial"). These cases do not compel the Court to sever Bartley or KFB.

### C. This Case Can Still Be Consolidated with the Pending State Court Case Where Bartley Is Suing Johnson.

Hyundai argues that Bartley should be severed so that Johnson's claims against her can be joined with Bartley's pending suit against Johnson in state court. R. 3-1 at 2; R. 3-2 at 2 (Bartley's Pike County Circuit Court complaint alleging that Johnson's husband caused the accident). However, the Court's decision does not foreclose that option. *See, e.g.*, Ky. R. Civ. P. 21 (stating courts can add parties *sua sponte* at any stage on "just" terms). Upon remand, the state court system can control this case and consolidate claims as appropriate.

## CONCLUSION

Bartley and KFB are properly joined, and severing Bartley could prejudice the parties. Because Johnson and Bartley are both Kentucky citizens, this Court lacks subject matter jurisdiction. This case is remanded to state court.

Accordingly, it is **ORDERED** that:

(1) Hyundai's motion to sever, R. 3, is **DENIED**.

(2) Johnson's motion to remand, R. 7, is **GRANTED**. This case is **REMANDED** to state court.

(3) All pending motions are **DENIED AS MOOT**, and this case shall be **STRICKEN** from the Court's active docket.

This the 21st day of September, 2015.

Signed By:
*Amul R. Thapar* AT
United States District Judge